Lena C. Byorkquist, the widow of Carl Alfred, first cousin of the complainants, died seized of a parcel of land described in the bill of complaint. The defendant, Mr. Hollander, has been appointed administrator of her estate upon the petition of an undertaker. The said estate is insolvent.
Lena and her husband took into their care an infant who had been known under the name of Alfred Theodore Soderstrom and also as Alfred Theodore Byorkquist, at the age of six months, and who is one of the defendants and who has raised the main issue to be decided by a counter-claim annexed to his answer. For the sake of convenience this defendant will be called Alfred. Alfred's mother died within a few days after his birth and left surviving her widower *Page 88 
and a number of other children. There was an agreement made between his father, on the one hand, and Lena and her husband, on the other, that the latter would take Alfred, bring him up as their own child, and devise and bequeath to him all their property. He was subsequently baptized or christened under the name of his foster parents and the terms of the agreement were generally carried out, except that the Byorkquists both died intestate and no decree of adoption was ever sought or made under the statute.
After the death of Lena the land in question was sold for taxes to Josephine Gabrielson, who subsequently assigned the certificate of sale to Sophia Andersson, a first cousin of the deceased Lena, who, until her death, managed such property, collected the rents, issues and profits, and discharged the carrying charges thereof until the time of her death. Her representative has on hand a balance which he tenders himself ready to dispose of as the court may direct.
On August 25th, 1925, Alfred executed and delivered to Sophia a deed to the land in question, upon certain representations made to him by Sophia, upon which he relied and which led him to believe that he was not entitled to such land. At or about the same time Sophia executed a declaration of trust wherein it was recited that the said Sophia and her sister were the sole heirs and next of kin of Lena, and that Alfred was about to file a bill in equity to establish his right to inherit said land; and that her sister was about to convey her estate therein to Sophia, and that Alfred has executed a conveyance of the same to Sophia so that the latter might be completely seized thereof so that she might sell and convey the same and distribute the proceeds thereof, as thereinafter set forth. By the terms of such declaration Sophia agreed that after discharging certain liens and charges upon the land she would pay to Alfred two-thirds of the balance then remaining, in a manner therein described, and retain one-third for herself.
Two questions are presented upon behalf of the complainants against the counter-claim: First, it is said Alfred could take nothing by reason of his informal adoption or nurture *Page 89 
by Lena and her husband; secondly, that his prayer for specific performance of the agreement to devise must be denied because it had not been proved with that degree of certainty required in such a case as this.
The first objection to the counter-claim is fatal upon that phase of this defendant's case. It is elementary that an adoption, in order to inherit real estate, can only be accomplished by a compliance with the statute. 2 Comp. Stat. p.2808, and amended by 1 Cum. Supp. p. 1555. In fact, it is so conceded by Alfred's counsel.
Under the other head this defendant is entitled to the relief prayed. The stipulation and the affidavits made a part thereof leave no doubt that there was a complete, fullyunderstood and enforceable agreement between Alfred's father and the Byorkquists, and that the same has been completely fulfilled and carried out on his side. This being so, it brings the case within the rule of equity discussed in Van Dyne v. Vreeland, 11 N.J. Eq. 370,
and the cases which have followed it. The complainants gain no assistance from their criticism of the case just cited, because while it is true that the decision was upon a demurrer, still, the opinion of Chancellor Williamson is most carefully considered upon this point and represents the law of this state quite as much as if it had been pronounced after final hearing. Neither do those cases cited by the complainants' counsel shake my judgment upon this decision, because they are clearly distinguishable. For example, in Dusenberry v. Ibach'sExecutors, 99 N.J. Eq. 39, Vice-Chancellor Lewis dealt with a situation where there was nothing to show that the decedent had ever entered into any such agreement as is the foundation of the case at bar, or even that she ever was aware of a promise that was said to have been made by her husband. Furthermore, the court in that case clearly expressed his dissatisfaction with the proofs that there had ever been such an agreement, whereas the proofs in the case sub judice leave no doubt in my mind. Other cases have turned on the long delay of the complainants in filing their respective bills. Here, however, Alfred was about to file a bill within a few months after the death of Lena, until he was stopped by the misinformation received from Sophia. *Page 90 
The subject of the effect of the conveyance by Alfred to Sophia has not been discussed in the briefs that have been submitted and I judge it is because counsel realized that there is nothing to be said in favor of it. It is so firmly established as to require no argument or citation that one shall not be held to an act performed upon reliance on a statement made by another which is shown to have been untrue, and it makes no difference that Sophia may, and I suppose did, believe that what she said was true. That is the classical distinction between those acts against which a court of law will relieve and those cognizable in a court of equity.
The bill should be dismissed and a decree entered in accordance with the second prayer of the counter-claim. If counsel are unable to agree on the terms of the decree, such as the restitution to Sophia's estate, I will fix the same, upon notice.