Giudetta Ferrando died intestate in 1926, leaving her surviving two of the defendants, a sister, Rose Casella, and a brother, Giovanni Battista Malatesta. Complainant, John A. Ferrando, formerly John A. Casella and the legitimate child of defendant Rose Casella, claims the estate of his aunt, Giudetta Ferrando, by virtue of an agreement made between him and his aunt on January 29th, 1918. This agreement made when complainant was twenty-six years of age provides that:
"The said party of the first part shall adopt the said John Casella (also known as John Ferrando) the second party hereto, and shall for and during his natural life, board, lodge, clothe and generally maintain him in a manner suitable to his station, and as if he were the lawful son of the party of the first part, and to provide him with all necessaries.
"The said party of the first part hereby also covenant and agree that all rights, duties, privileges and relations between said party of *Page 120 
the second part and herself, who shall be the mother by adoption of said party of the second part, may thenceforth in all respects be the same, including the right of inheritance, as if the said party of the second part had been born to herself, in lawful wedlock."
It clearly appears from the testimony that when complainant was a small boy his parents, Dominick and Rose Casella, allowed him to live with his aunt, Giudetta Ferrando, and her husband, Antonio Ferrando, and that he continued to live with them until Antonio died in 1918 and from then on he continued to live with Giudetta until her death. It is equally clear that the aunt and uncle treated complainant as their son and that complainant was known by the name of his foster parents.
It appears that there was never any formal legal adoption since complainant's mother refused to consent thereto. This was necessary during the minority of complainant, and after he came of age it was discovered that the law did not permit the adoption of an adult.
There is evidence indicating that an adoption was discussed with counsel, but the matter was dropped upon advice being given that the law did not allow it.
Complainant in this proceeding claims to be entitled to inherit the estate of Giudetta Ferrando, as though he were the natural, lawful issue of Giudetta Ferrando. This, I consider, he is entitled to do by virtue of the provisions of the agreement between them. The intention of the parties is clear, both from the terms of the agreement and from all the facts and circumstances showing the relations between them. All the evidence points to the fact that complainant carried out the agreement.
Such agreements as that now before the court have frequently been enforced. Van Dyne v. Vreeland, 11 N.J. Eq. 370;Salomonsson v. Olofsson, 105 N.J. Eq. 87.
This court will decree specific performance of the contract to the extent of giving to complainant an interest in the estate of Giudetta Ferrando, as though he had been her natural lawful issue. *Page 121